

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| RHONDA TORRES, | |
| Plaintiff, | |
| v. | |
| THE HOUSING AUTHORITY OF THE CITY OF TAMPA, a legal entity existing pursuant to Chapter 421, Florida Statutes; | Case No. 8:19-cv-2071-T-36-SPF |
| JEROME RYANS, in his official capacity as Executive Director the Housing Authority of the City of Tampa, Florida; | |
| and | |
| MARGARET JONES, in her official capacity as Director of Assisted Housing, Housing Authority of the City of Tampa, Florida, | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to 42 U.S.C. § 3613 (U.S. Fair Housing Act – "the Act") based upon her entitlement under § 3604(f)(2) and § 3604(f)(3)(B) to a "reasonable accommodation" of her § 3602(h) "handicap" to

have Defendants permit Plaintiff's adult daughter, Ashley Santiago, to reside in her federally-subsidized dwelling as a resident-caregiver, which subsidy is administered by the Housing Authority of the City of Tampa (HACT), operating as a legal entity pursuant to Chapter 421, Florida Statutes, wherein HACT is a covered "person" within the meaning of § 3602(d).

3. Plaintiff RHONDA TORRES is a natural person, residing in Tampa, Hillsborough County, Florida at 8806 Crestview Drive, Apt. "D", Tampa, FL 33604 with her said adult daughter, Ashley Santiago.

4. Defendant THE HOUSING AUTHORITY OF THE CITY OF TAMPA (HACT) is a public housing authority in Hillsborough County, Florida, operating as a legal entity pursuant to Chapter 421, Florida Statutes, with authority to be sued under § 421.08, Florida Statutes.

5. Defendant MARGARET JONES is the HACT Director of Assisted Housing, which consists primarily of the federal housing voucher subsidy known as "Section 8". Defendant Jones has personally made all decisions material hereto.

6. Defendant JEROME RYANS is the HACT Executive Director, the supervisor of Defendant Jones, and has approved all decisions made.

7. Plaintiff, as will be more fully set forth below, alleges that Defendant Jones' refusal to "reasonably accommodate" Plaintiff's § 3602(h) "handicap" violated 42 U.S.C. § 3604(f)(2) and § 3604(f)(3)(B) that Defendant Ryans is liable because he is Defendant's Jones' supervisor as to all of Defendant Jones' actions

herein, and that Defendant HACT is liable as the "principal" of Defendants Ryans and Jones, HACT's agents.

8. Consistent with the foregoing, Plaintiff seeks actual damages that are attributable to Defendant Jones' refusal and delay to "reasonably accommodate" Plaintiff's 3602(h) "handicap" and actual damages, jointly and severally, against all Defendants for having caused all actual damages that Plaintiff should incur thereby.

## II. JURISDICTION

9. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that this is a "federal question" litigation comprising a civil action arising under the laws of the United States.

10. Jurisdiction is also conferred by 42 U.S.C. § 3613.

11. Plaintiff's claims for actual damages are authorized by 42 U.S.C. § 3613 (c)(1) with respect to all Defendants.

## III. STATUTORY BACKGROUND

### A. THE SECTION 8 VOUCHER PROGRAM

12. As set forth in 42 U.S.C. § 1437f(a), the Section 8 housing assistance program was established by Congress under the following policy:

> For the purpose of aiding lower-income families in obtaining a decent place to live and of promoting economically mixed housing, assistance

> payments may be made with respect to existing housing in accordance with the provisions of this section.

13. As pertinent hereto, the Section 8 Program operates as follows: After an application for a Section 8 voucher is approved by a public housing authority (PHA, or HACT in this case), the participant (*e.g.*, Plaintiff) then seeks a dwelling which has the appropriate number of bedrooms and meets the Housing Quality Standards (HQS) mandated by 24 C.F.R. § 982.401. Once the PHA approves the dwelling, a Dwelling Lease is signed by the participants/tenants, the landlord, and the PHA which, *inter alia*, requires the tenant family to pay a portion of the "contract" rent (*i.e.*, market value) based upon a percentage of the family's income, with the PHA paying the remainder of the contract rent.

14. For purposes of this case, the statute mandates that the amount of rent plus tenant-paid utilities the tenant/participant will pay must not exceed 30% of the tenant's income. 42 U.S.C. § 1437f(o)(2)(A). The subsidy is federally budgeted money that Defendant HACT per Defendant Jones' determines the participant is entitled, including the amount of said monthly subsidy.

### B. FAIR HOUSING ACT "HANDICAP" DISCRIMINATION

15. The United States Fair Housing Act of 1968 ("Act" or "the Act"), as amended in 1988, 42 U.S.C. §§ 3601 - 3619, states at § 3601 the Act's "Declaration of Policy":

> It is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States.

16.  As pertains to Plaintiff's rights and Defendants' obligations herein, 42 U.S.C. § 3604(f) prohibits discrimination against persons with one or more "handicap", using the following language:

> **§ 3604.  Discrimination in the sale or rental of housing and other prohibited practices**
>
> As made applicable by section 3603 of this title and except as exempted by sections 3603 (b) and 3607 of this title, **it shall be unlawful—**
>
> \* \* \*
>
> **(f)**  [ special rights of handicapped persons ]
>
> \* \* \*
>
> > **(2)**  To discriminate against any person in the **terms, conditions, or privileges** of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a **handicap** of—
> >
> > > **(A)**  that person; or
> >
> > \* \* \*
> >
> > **(3)**  For purposes of this subsection, **discrimination includes—**
> >
> > \* \* \*
> >
> > > **(B)**  a **refusal** to make **reasonable accommodations** in rules, policies, practices, or services, **when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling;**

Emphasis added.

17.    "Handicap" for purposes of the Act and as pertains to Plaintiff herein is defined by 42 U.S.C. § 3602(h) as:

> **§ 3602   Definitions.**   As used in this subchapter–
>
> * * *
>
> **(h)**   **"Handicap"** means, with respect to a person--
>
> > **(1)**   a physical or mental impairment which substantially limits one or more of such person's major life activities,
> >
> > **(2)**   a record of having such an impairment, **or**
> >
> > **(3)**   being regarded as having such an impairment,
>
> but such term does not include current, illegal use of or addiction to a controlled substance (as defined in section 802 of Title 21).

Emphasis added.

18.    Other definitions in § 3602 that pertain to this lawsuit are set forth as follows:

> **(b)**   **"Dwelling"** means any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof.
>
> **(c)**   **"Family"** includes a single individual.
>
> **(d)**   **"Person"** includes one or more individuals, corporations, partnerships, associations, labor organizations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, receivers, and fiduciaries.
>
> **(f)**   **"Discriminatory housing practice"** means an act that is unlawful under section 3604, 3605, 3606, or 3617 of this title.

\* \* \*

**(i)**   **"Aggrieved person"** includes any person who--

    **(1)**   claims to have been injured by a discriminatory housing practice; or

    **(2)**   believes that such person will be injured by a discriminatory housing practice that is about to occur.

\* \* \*

**(o)**   **"Prevailing party"** has the same meaning as such term has in section 1988 of this title.

Emphasis added.

19.   42 U.S.C. § 3613 grants to aggrieved persons, such as Plaintiff herein, the right to bring a civil action in the appropriate United States District Court in accordance with the following pertinent parts of said statute:

**§ 3613   Enforcement by Private Persons**

**(a)   Civil action**

    (1)   (A)   An aggrieved person may commence a civil action in an appropriate United States district court . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . . to obtain appropriate relief with respect to such discriminatory housing practice or breach.

        (B)   The computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice. . . .

\* \* \*

**(c) Relief which may be granted**

(1) In a civil action under subsection (a) of this section, if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages, and subject to subsection (d) of this section, may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate).

(2) In a civil action under subsection (a) of this section, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs. The United States shall be liable for such fees and costs to the same extent as a private person.

## IV. FACTUAL ALLEGATIONS

20. At all times material hereto, Plaintiff has resided in the dwelling located at 8806 Crestview Drive, Apt. "D", Tampa, FL 33604.

21. Plaintiff has physical and mental handicaps within the meaning of § 3602(f) that have increased in severity over time such that beginning at least as early as March 2019, Plaintiff has needed a resident-caregiver to help Plaintiff cope with her increasingly severe impairments. The existence of these several handicaps at their *present* level of severity is evidenced by two exhibits attached hereto:

**Plaintiff's Exhibit # 1:** Report of Eric R. James, MD, Plaintiff's treating orthopedic phyisician, dated 22 July 2019.

**Plaintiff's Exhibit # 2:** Report of Grace Agagnos, Registered Licensed Mental Health Counselor, Plaintiff's treating mental health professional, dated 23 July 2019.

22. These reports put in writing what these health care professionals had told Plaintiff orally in earlier months of this year of 2019.

23. Prior to 3 May 2019, Plaintiff had made oral requests to her Section 8 Housing Counselor, Melissa Pagan, for a handicap accommodation under the U.S. Fair Housing Act; but she received no response from Defendant HACT.

24. On the morning of 3 May 2019, Plaintiff submitted a handwritten completion of a HACT form titled "Client Request for Reasonable Accommodation (part of **Plaintiff's Exhibit # 3**, cited with more particularity below).

25. Later on that said date of 3 May 2019, the undersigned sent a letter to Defendant Jones formally requesting the accommodation sought herein, enclosing said Form, along with a one-page letter from Dr. James dated 1 May 2019. A copy of the undersigned's letter to Defendant Jones and the enclosures thereto as attached hereto as **Plaintiff's Exhibit # 3.**

26. This letter made it clear at the outset that the accommodation requested included "Ms. Santiago's income not being included in the household for purposes of calculating the amount of the voucher subsidy." That is, in Housing Choice Voucher (Sec. 8) terms, at the point when Plaintiff's handicaps reached the severity of requiring a resident-caregiver, Ashley Santiago's status of residing in the dwelling changed from family member to non-family member. To be clear, Plaintiff here alleges that if her handicaps were not at their current level of severity, Ms.

Santiago would reside elsewhere; and it is possible that Plaintiff's orthopedic handicap may become less severe.

27. On 22 May 2019, the undersigned exchanged e-mails with Defendant Jones regarding defendant HACT's response to the 3 May accommodation request. A copy of the print-out of the four e-mails (two from the undersigned and two from Defendant Jones) is attached hereto as **Plaintiff's Exhibit # 4.**

28. To summarize the exchange cited in ¶ 26. above, Defendant Jones based her in denial of the accommodation request upon a HUD Section 8 regulation as to live-in aides; the undersigned clarified that the request was under the Act and not pursuant to any Section 8 regulations; and Defendant Jones stated that she had submitted the undersigned's e-mail (and presumably the accommodation request) to the HACT attorneys.

29. On 27 June 2019, the undersigned sent a follow-up letter to Defendant Jones, a copy of which is attached hereto as **Plaintiff's Exhibit # 5.**

30. On 16 July 2019, attorney Rhonda Stringer of the Saxon Gilmore law firm on behalf of Defendants sent a letter to the undersigned that agreed that Plaintiff requires a caretaker to reside with Plaintiff, denied the accommodation to have Ms. Santiago be the resident-caretaker based upon HUD Section 8 regulations, and made some factual allegations regarding the ability of Ms. Santiago to be the person who is Plaintiff's resident-caretaker in accordance with those Section 8 live-in aide regulations. A copy of said letter of attorney Stringer is attached hereto as **Plaintiff's Exhibit # 6.**

31. In response, the undersigned sent to attorney Stringer a letter dated 29 July 2019 attached hereto as **Plaintiff's Exhibit # 7**, which attached the medical reports attached hereto as **Plaintiff's Exhibit # 1** and **Plaintiff's Exhibit # 2** and disputed the legal contention that a HUD regulation as to Section 8 could undermine the Act of Congress embodied in the U.S. Fair Housing Act's § 3604(f) of the Fair Housing Act.

32. Defendants made a final decision to deny Plaintiff's requested accommodation by letter from attorney Stringer on 9 August 2019, a copy of which is attached hereto as **Plaintiff's Exhibit # 8**. As stated therein, Defendants per attorney Stringer assert that the requested accommodation is unreasonable because it conflicts with Defendant's interpretation of a regulation promulgated by HUD.

33. However, 42 U.S.C. § 3604(f) does *NOT* state:

A. A housing provider will be in compliance with § 3604(f) if the housing provider bases a denial of an requested accommodation upon a Section 8 regulation, but which does not, in fact, comply with § 3604."; *NOR*

B. A housing provider will be in compliance with § 3604 if it disagrees with the specific uncontroverted expert opinions of the treating health care providers for the person requesting the accommodation as to the *necessity* of the requestor's choice of resident-caregiver.

### V. **PLAINTIFFS' CURRENT HOUSING STATUS**

34. Unless this Court enjoins Defendants to grant the handicap that she has requested, she will lose her federal housing subsidy effective 31 August 2019 and very likely be homeless within a few weeks thereafter.

## VI. CLAIMS FOR RELIEF

### COUNT I — CLAIM FOR INJUNCTIVE RELIEF

35. Plaintiff hereby incorporates by reference her allegations contained in ¶ 1. through ¶ 34. above.

36. In unlawfully denying Plaintiff's reasonable request to accommodate Plaintiff's handicaps at their present state of severity, Defendants have violated 42 U.S.C. § 3604(f)(2) and § 3604(f)(3)(B).

37. Within the meaning of 42 U.S.C. § 3613(c)(1), Plaintiff is entitled to an injunction requiring Defendants to forthwith approve Plaintiff's requested accommodation to allow Plaintiff's daughter, Ashley Santiago, reside in Plaintiff's dwelling as a resident-caregiver and not as a family member.

38. Upon prevailing herein, Plaintiff will be entitled to an award from the defendants the costs of this action and to an award of a reasonable attorney's fee pursuant to 42 U.S.C. § 3613(c)(2).

**WHEREFORE,** Plaintiff respectfully prays that this Court will:

A. Find and declare that Defendants have violated 42 U.S.C. § 3604(f)(2) and § 3604(f)(3)(B) in failing to accord Plaintiff the "reasonable accommodation" to which she was entitled because of her "handicaps";

B. Enter a preliminary and final injunction against Defendants that will require Defendants to forthwith approve Plaintiff's requested accom-

modation to allow Plaintiff's daughter, Ashley Santiago, to reside in Plaintiff's dwelling as a resident-caregiver and *not as* a family member.

C. Award to Plaintiff the costs of this action, including a reasonable attorney's fee pursuant to 42 U.S.C. § 3613(c)(2);

D. Grant such other and further relief from Defendant Cunningham to Plaintiff as may be just and equitable under the circumstances.

**COUNT II — CLAIM FOR COMPENSATORY DAMAGE**

39. Within the meaning of 42 U.S.C. § 3613(c)(1), Plaintiff has incurred or is about to incur compensatory damages because of Defendants' unlawful acts and/or failure and/or refusal to act.

40. Upon prevailing herein, Plaintiff will be entitled to an award from Defendants of the costs of this action and to an award of a reasonable attorney's fee pursuant to 42 U.S.C. § 3613(c)(2).

**WHEREFORE,** Plaintiff prays that this Court will:

A. Find and declare that Defendants have violated 42 U.S.C. § 3604(f)(2) and § 3604(f)(3)(B) in failing to accord Plaintiff the "reasonable accommodation" to which she was entitled because of her "handicaps";

B. Enter a Final Judgment herein in favor of Plaintiff and against Defendants.

C.  Award to Plaintiff such damages from Defendants as she shall prove under 42 U.S.C. § 3613(c)(1);

D.  Award to Plaintiff the costs of this action, including a reasonable attorney's fee pursuant to 42 U.S.C. § 3613(c)(2);

E.  Grant such other and further relief to Plaintiff from Defendant HACT as may be just and equitable under the circumstances.

_____
**C. Martin Lawyer, III, Esquire**
Florida Bar # 128095
BAY AREA LEGAL SERVICES, INC.
1000 N. Ashley Drive, Suite # 518
Tampa, FL 33602-3717
(813) 227-9050, Ext. 109
FAX: 252-3269
E-Mail: **MLawyer@bals.org**
**Counsel For Plaintiff**

_____
**Janie M. Inverso, Attorney**[1]
Florida Bar # 377650
BAY AREA LEGAL SERVICES, INC.
201 14th Ave. SE, Suite "F"
Ruskin, FL 33570-5367
(813) 634-6044, Ext. 105
FAX: 634-1106
E-Mail: **JInverso@bals.org**
**Co-Counsel for Plaintiff**

---

1.  Eligible to practice in the Middle District in accordance with Local Rule 2.02(b) in that Bay Area Legal Services, Inc. is a "public entity established under the laws of the United States . . . ." Application for admission to Middle District is pending.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 20 August 2019 I have furnished a copy of the foregoing by U.S. Mail and facsimile transmission to:

**Rhonda E. Stringer, Esquire**
Florida Bar # 38857
SAXON, GILMORE, CARRAWAY,
   GIBBONS, LASH, & WILCOX
201 E. Kennedy Blvd., # 600
Tampa, FL 33602-5181
(813) 314-4500
FAX: 314-4555
**Attorney for Defendants**

and by e-mail attachment to the e-mail addresses listed in Court Document # 15:

RStringer@SaxonGilmore.com
SMcFaul@SaxonGilmre.com

_____
ATTORNEY

[ cml3\TORRES, Rhonda\Temporary Restraining Order - Motion and Memorandum - Draft.wpd ]